J-S82002-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JAVON HART, | : | |
| | : | |
| Appellant | : | No. 1173 WDA 2016 |

Appeal from the Judgment of Sentence June 23, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013855-2015

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JAVON HART, | : | |
| | : | |
| Appellant | : | No. 1601 WDA 2016 |

Appeal from the Judgment of Sentence September 22, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013855-2015

BEFORE:   BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

DISSENTING MEMORANDUM BY STRASSBURGER, J.:  FILED JUNE 04, 2018

Because Appellant is entitled to a new trial, I respectfully dissent and offer the following analysis.

As to Appellant's first issue, regarding whether the trial court erred in sustaining the Commonwealth's objections to testimony offered by Appellant's mother, I would first conclude that counsel for Appellant

* Former Justice specially assigned to the Superior Court.

**Retired Senior Judge assigned to the Superior Court.

responded as best he could to the Commonwealth's objections and the trial court's quick sustaining of those objections. See N.T., 3/23/2016, at 122-24. Counsel had to walk a fine line during trial, and this Court does not require counsel to offer a treatise on the rules of hearsay in order to preserve an issue for appeal. Furthermore, we have held that evidence concerning the relationship between an appellant and a victim is both relevant and admissible under similar circumstances. See Commonwealth v. Sneeringer, 668 A.2d 1167 (Pa. Super. 1995). Finally, because credibility was the crucial issue in the case, this could not be harmless error. Thus, Appellant is entitled to a new trial.[1]

---

[1] I join the Majority with respect to the other two issues raised by Appellant on appeal.